CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 9 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| ERIC LAMBERT TUNE, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07cv00347 |
| | ) | |
| v. | ) | |
| | ) | |
| J. SANDRIDGE and | ) | By: Hon. Michael F. Urbanski |
| TIMOTHY J. LONGO, Sr., | ) | United States Magistrate Judge |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Eric Lambert Tune ("Tune"), a Virginia inmate proceeding pro se, filed this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Tune alleges that Defendant J. Sandridge, a police officer with the Charlottesville Police Department ("CPD"), utilized excessive force when arresting Tune. He also alleges that Defendant Timothy J. Longo, Sr., the Chief of the CPD, is responsible for Officer Sandridge's actions under the theory of supervisory liability.[1] By order entered October 3, 2007, this case was referred to the undersigned to submit proposed findings of fact and a recommended disposition.

The matter is before the court on defendants' motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction. The court notified Tune of the defendants' motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised him that failure to reply to the defendants' motion may result in dismissal and/or summary judgment being granted

---

[1] In his original complaint, Tune named two other police officers, John Doe 1 and John Doe 2, as defendants. By Order dated October 15, 2007, John Doe 1 and John Doe 2 were terminated as defendants to this action, as Tune did not provide the court with the defendants' identifying information in the time allowed.

for the defendant. As Tune has filed a response to the defendants' motion and the time allotted for any further response has expired, this matter is ripe for disposition.

Upon review of the record, the undersigned finds that Tune's complaint states a cause of action against Officer Sandridge, pursuant to 42 U.S.C. § 1983, but fails to state a cause of action against Chief Longo. Accordingly, the undersigned recommends that the defendants' motion be granted in part and denied in part.

## I.

Tune states that on July 11, 2005, he was arrested by Officer Sandridge and other officers of the CPD for the alleged commission of two robberies. Tune states that he did not resist arrest. He alleges that he was told to lay on the ground by the officers and that while he was laying on his back, the officers released a police dog. He claims that the dog brutally attacked him for approximately six or seven minutes while the officers watched. Tune states that he was significantly injured from the attack. Specifically, he claims that the incident left him with scars and holes in his right hand and arm, that his right arm remains swollen despite his use of a prescribed glove, that he takes several medications for his chronic pain, and that his doctor told him that he will continue to experience chronic swelling for the rest of his life. He also alleges that he was diagnosed with post-traumatic stress disorder and depression and has been taking medication to treat these illnesses.

## II.

In their motion to dismiss, Officer Sandridge and Chief Longo raise three arguments. First, they contend that Tune's complaint should be dismissed because it fails to state a claim for a violation of constitutional rights by either defendant. Second, the defendants argue that even if

2

the court construes Tune's complaint to state an excessive force claim under the Fourth Amendment of the United States Constitution, the complaint fails to state a claim for relief because it does not allege conduct on behalf of either defendant that is unreasonable. Finally, the defendants argue that Tune's allegations fail to state a claim for relief against Chief Longo because it fails to allege the three elements required to state a claim of supervisory liability under § 1983, although the defendants leave it to the court to discover what these elements are.

## III.

In deciding a motion to dismiss, the court must construe all facts in the light most favorable to the plaintiff and must assume all facts alleged in the complaint to be true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (internal citations omitted).

## IV.

Defendants argue that Tune's complaint alleges state law claims of assault and battery and negligence, but fails to allege a constitutional violation. Accordingly, the defendants argue that this court lacks jurisdiction under 42 U.S.C. § 1983 to hear this case. In the alternative, the defendants contend that if the court construes Tune's claim as an excessive force claim under the Fourth Amendment, his complaint should be dismissed because it fails to allege that the defendants acted unreasonably.

Because Tune is an incarcerated pro se plaintiff, the court construes the allegations in his

3

complaint liberally.  De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003).  A pro se complaint, "however inartfully pleaded . . . . should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no facts in support of his claim which would entitle him to relief."  Hughes v. Rowe, 449 U.S. 5, 9–10 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

The undersigned finds that construed liberally, Tune's complaint makes out an excessive force claim.  Where an excessive force claim arises in the context of an arrest, it invokes the protections of the Fourth Amendment, which guarantees citizens the right to be secure in their persons against unreasonable seizures of their person.  Graham v. Connor, 490 U.S. 386, 394 (1989).  "This includes attacks by police dogs improperly deployed by their handlers."  Vathekan v. Prince George's County, 154 F.3d 173, 178 (4th Cir. 1998).  Thus, a claim that law enforcement officers used excessive force in the course of an arrest should be analyzed under the Fourth Amendment and its "reasonableness" standard, id., and a plaintiff must allege facts indicating that the officer, when arresting the plaintiff, used an amount of force that was "objectively unreasonable, in light of the facts and circumstances confronting them."  Graham, 490 U.S. at 396 (internal quotation marks omitted).

Taken together, Tune's allegations clearly point to the conclusion that Officer Sandridge and others used excessive force to effect an arrest when they released their police dog on Tune, an unresisting suspect, and watched for several minutes as the dog attacked him.  Because it is not apparent "beyond doubt" that Tune cannot prove a set of facts in support of his claim that would entitle him to relief, his claim should not be dismissed at this stage of the litigation.

4

## IV.

Finally, the defendants argue that Tune's complaint fails to allege facts which state a claim of supervisory liability against Chief Longo. The undersigned agrees and recommends that the court dismiss Tune's claim against Chief Longo.

Supervisory officials "may be liable in certain circumstances for constitutional injuries inflicted by their subordinates." Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). The Fourth Circuit has held that the following three elements are necessary to establish supervisory liability under § 1983:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. at 799. Tune's sole allegation concerning Chief Longo is that Longo breached his duties as Chief of the CPD by failing to ensure that police under his supervision were adequately trained on departmental instructions regarding the amount of force to use in arrest situations such as Tune's. Tune's complaint does not allege facts indicating that Chief Longo was aware of and failed to respond to pervasive conduct among CPD officers that posed an unreasonable risk of constitutional injury to citizens, nor does the complaint even allege such conduct. Although the court may construe Tune's complaint liberally, it cannot speculate as to facts not contained within the complaint. Bell Atlantic, 127 S.Ct. at 1965. Because Tune's complaint does not state a claim for relief against Chief Longo for supervisory liability under § 1983, the undersigned recommends that Chief Longo be dismissed as a defendant in this action.

5

## V.

For the foregoing reasons, the undersigned concludes that Tune's complaint states a claim for excessive force against Officer Sandridge, but fails to state a claim for supervisory liability against Chief Longo. Accordingly, the undersigned recommends that the defendants' motion to dismiss be denied as to Tune's claims against Office Sandridge and granted as to his claims against Chief Longo, and that Chief Longo be dismissed as a party to this action.

The Clerk is directed immediately to transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk is hereby directed to send a copy of this Report and Recommendation to the plaintiff and to counsel for the defendants.

Enter: This 19 day of February, 2008.

Michael F. Urbanski
United States Magistrate Judge

6